**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES DEPARTMENT OF THE
INTERIOR, Washington, D.C.; U.S.
GEOLOGICAL SURVEY, Reston,
Virginia,
Petitioners,

v.

No. 96-2855

FEDERAL LABOR RELATIONS
AUTHORITY,
Respondent,

NATIONAL FEDERATION OF FEDERAL
EMPLOYEES LOCAL 1309,
Intervenor.

FEDERAL LABOR RELATIONS
AUTHORITY,
Petitioner,

NATIONAL FEDERATION OF FEDERAL
EMPLOYEES LOCAL 1309,
Intervenor,

No. 97-1135

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, Washington, D.C.; U.S.
GEOLOGICAL SURVEY, Reston,
Virginia,
Respondents.

On Remand from the United States Supreme Court.

(S. Ct. Nos. 97-1184, 97-1243)

Argued: October 1, 1997

Decided: October 31, 1997

Opinion on Remand Filed: April 23, 1999

Before MOTZ and KING, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Remanded to the Federal Labor Relations Authority by published per
curiam opinion.

_____

**COUNSEL**

Frank W. Hunger, Assistant Attorney General, Sushma Soni, John F.
Daly, Appellate Staff, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Petitioners. David
Michael Smith, Solicitor, James F. Blandford, FEDERAL LABOR
RELATIONS AUTHORITY, Washington, D.C., for Respondents.
Gregory O'Duden, General Counsel, Elaine D. Kaplan, NATIONAL
TREASURY EMPLOYEES UNION, Washington, D.C.; Alice Bod-
ley, BEINS, BODLEY, AXELROD & KRAFT, Washington, D.C.,
for Intervenor.

_____

**OPINION**

PER CURIAM:

These cases are before us on remand from the Supreme Court inci-
dent to its vacatur of our decision, in United States Dep't of the Inte-
rior v. FLRA, 132 F.3d 157 (4th Cir. 1997), in which we had granted
a petition to review and denied enforcement of an order of the Federal
Labor Relations Authority (Authority) that had required the U.S. Geo-
logical Survey of the Department of the Interior (Survey) to bargain
endterm over a union proposal to include in a collective bargaining

2

agreement a requirement that the Survey bargain over union-initiated midterm proposals. In two earlier decisions, we had held (1) that the Federal Services Labor-Management Relations Act (Act), 5 U.S.C. §§ 7101 et seq. (West Supp. 1997), imposes no general obligation on federal agencies to bargain over union-initiated midterm proposals, see Social Security Admin. v. FLRA, 956 F.2d 1280, 1281 (4th Cir. 1992) (SSA) and, accordingly, (2) that no contractual duty to bargain midterm could be imposed upon an agency by the Authority, see Department of Energy v. FLRA, 106 F.3d 1158, 1163 (4th Cir. 1997) (Energy). Relying on those decisions, we had then held in the instant cases that neither could the Authority require an agency to bargain endterm over a union proposal to impose a contractual obligation to bargain over union-initiated midterm proposals. See 132 F.3d at 161-62. And, on that basis we had denied enforcement of the Authority's order requiring the Survey so to bargain. See id. at 162.

Reviewing our decision, the Supreme Court rejected our premise in SSA that the Act imposes no general obligation on federal agencies to bargain midterm and, in consequence, our reasoning in Energy and the instant cases based upon that premise. And, in the process, the court also rejected the directly conflicting positions of the Authority and of the D.C. Circuit, see National Treasury Employees Union v. FLRA, 810 F.2d 295, 301 (D.C. Cir. 1987), that the Act absolutely requires agencies to bargain over union-initiated midterm proposals. Instead, the Court held that the Act is ambiguous both as to "whether, when, and where" midterm bargaining is required by law and, consequently, as to whether an agency must bargain endterm over a particular union proposal to require midterm bargaining. See National Fed'n of Fed. Employees, Local 1309 v. Department of the Interior, 119 S. Ct. 1003, 1007-11 (1999). And, the Court held that under controlling administrative law principles this ambiguity left those questions, when raised in specific cases, for resolution by the Authority "within appropriate legal bounds." Id. at 1010.

For these reasons, the Court then opined that in the instant cases "the Authority should have the opportunity to consider these questions aware that the [Act] permits, but does not compel, the conclusions it reached." Id. at 1011. And, on that basis, the Court vacated our decision and remanded the cases for further proceedings consistent with its opinion. See id.

3

Complying with that mandate, we remand the cases to the Authority for further proceedings consistent with the opinion of the Supreme Court.

SO ORDERED

4