174 F.3d 393
 161 L.R.R.M. (BNA) 2073
 UNITED STATES DEPARTMENT OF THE INTERIOR, WASHINGTON, D.C.;
U.S. Geological Survey, Reston, Virginia, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
National Federation of Federal Employees Local 1309, Intervenor.
Federal Labor Relations Authority, Petitioner,
National Federation of Federal Employees Local 1309, Intervenor,
v.
United States Department of the Interior, Washington, D.C.;
U.S. Geological Survey, Reston, Virginia, Respondents.
 Nos. 96-2855, 97-1135.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 1, 1997.
Decided Oct. 31, 1997.
Opinion on Remand Filed April 23, 1999.
 
 Frank W. Hunger, Assistant Attorney General, Sushma Soni, John F. Daly, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C., for Petitioners. David Michael Smith, Solicitor, James F. Blandford, Federal Labor Relations Authority, Washington, D.C., for Respondents. Gregory O'Duden, General, Elaine D. Kaplan, National Treasury Employees Union, Washington, D.C.; Alice Bodley, Beins, Bodley, Axelrod & Kraft, Washington, D.C., for Intervenor.
 Before MOTZ and KING, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Remanded to the Federal Labor Relations Authority by published per curiam opinion.OPINION
 PER CURIAM:
 
 
 1
 These cases are before us on remand from the Supreme Court incident to its vacatur of our decision, in United States Dep't of Interior v. FLRA, 132 F.3d 157 (4th Cir.1997), in which we had granted a petition to review and denied enforcement of an order of the Federal Labor Relations Authority (Authority) that had required the U.S. Geological Survey of the Department of the Interior (Survey) to bargain endterm over a union proposal to include in a collective bargaining agreement a requirement that the Survey bargain over union-initiated midterm proposals. In two earlier decisions, we had held (1) that the Federal Service Labor-Management Relations Act (Act), 5 U.S.C. §§ 7101 et seq. (West Supp.1997), imposes no general obligation on federal agencies to bargain over union-initiated midterm proposals, see Social Security Admin. v. FLRA, 956 F.2d 1280, 1281 (4th Cir.1992) (SSA ) and, accordingly, (2) that no contractual duty to bargain midterm could be imposed upon an agency by the Authority, see U.S. Dep't of Energy v. FLRA, 106 F.3d 1158, 1163 (4th Cir.1997) (Energy ). Relying on those decisions, we had then held in the instant cases that neither could the Authority require an agency to bargain endterm over a union proposal to impose a contractual obligation to bargain over union-initiated midterm proposals. See 132 F.3d at 161-62. And, on that basis we had denied enforcement of the Authority's order requiring the Survey so to bargain. See id. at 162.
 
 
 2
 Reviewing our decision, the Supreme Court rejected our premise in SSA that the Act imposes no general obligation on federal agencies to bargain midterm and, in consequence, our reasoning in Energy and the instant cases based upon that premise. And, in the process, the court also rejected the directly conflicting positions of the Authority and of the D.C. Circuit, see National Treasury Employees Union v. FLRA, 810 F.2d 295, 301 (D.C.Cir.1987), that the Act absolutely requires agencies to bargain over union-initiated midterm proposals. Instead, the Court held that the Act is ambiguous both as to "whether, when, and where" midterm bargaining is required by law and, consequently, as to whether an agency must bargain endterm over a particular union proposal to require midterm bargaining. See National Fed'n of Fed. Employees, Local 1309 v. Department of Interior, --- U.S. ----, 119 S.Ct. 1003, 1007-11, 143 L.Ed.2d 171 (1999). And, the Court held that under controlling administrative law principles this ambiguity left those questions, when raised in specific cases, for resolution by the Authority "within appropriate legal bounds." Id. at 1010.
 
 
 3
 For these reasons, the Court then opined that in the instant cases "the Authority should have the opportunity to consider these questions aware that the [Act] permits, but does not compel, the conclusions it reached." Id. at 1011. And, on that basis, the Court vacated our decision and remanded the cases for further proceedings consistent with its opinion. See id.
 
 
 4
 Complying with that mandate, we remand the cases to the Authority for further proceedings consistent with the opinion of the Supreme Court.
 
 SO ORDERED